| | |
|---|---|
| | THE UNITED STATES DISTRICT COURT |
| | FOR THE NORTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| MICHAEL L. JONES,<br>　　　　　Petitioner,<br>　vs.<br>GEORGE GALAZA, Warden,<br>　　　　　Respondent. | No. C 03-0079 JSW (PR)<br><br>**SCHEDULING ORDER; ORDER TO SHOW CAUSE; DENYING MOTION FOR COUNSEL AND DIRECTING CLERK TO REOPEN CASE AND FILE AMENDED PETITION**<br><br>**(Docket No. 37)** |

## INTRODUCTION

Petitioner, a prisoner of the State of California incarcerated at the California State Prison at Corcoran, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 on January 7, 2003 (docket no. 1). Per order dated January 14, 2003, Judge Phyllis J. Hamilton denied Petitioner leave to proceed in forma pauperis, and directed Respondent to show cause why the writ should not be granted (docket no. 3). On March 19, 2003, Respondent filed a motion to dismiss the petition as unexhausted (docket no. 6) and on July 1, 2003, the petition was reassigned to this Court (docket no. 11). On June 18, 2003, Petitioner filed a motion for "withdrawal and abeyance" and for leave to amend his petition (docket no. 10) which was granted (docket no. 12). Thereafter, Petitioner filed multiple status reports informing the Court of his attempts to exhaust additional claims in the state courts (docket nos. 18-28). On November 24, 2004, Petitioner sought leave of Court to file an amended petition (docket no. 30), which was granted. Petitioner's motion for counsel was denied (docket no. 31). Petitioner's motions seeking an extension of time to file an amended petitioner were granted (docket nos. 35, 36). Petitioner filed an amended petition on December 29, 2005. Petitioner subsequently filed a second motion seeking reconsideration of the Court's earlier denial

of his motion seeking appointment of counsel (docket no. 37). In this order, the Court reopens the case which was previously administratively closed, orders the Clerk to file the amended petition, reinstates the earlier order to show cause and DENIES Petitioner's motion for reconsideration (docket no. 37).

**STATEMENT OF FACTS**

A Sonoma County Superior Court jury found Petitioner guilty of two counts of home invasion robbery, one count of possession of stolen property, and two counts of assault with a deadly weapon or by force likely to cause great bodily injury. In a bifurcated proceeding, the trial court subsequently found true that Petitioner had suffered a prior strike and a prior serious felony conviction. On December 1, 1999, the trial court sentenced Petitioner to twenty-one years in state prison. Petitioner challenged his conviction on direct appeal. On September 25, 2001, the California Court of Appeal affirmed the judgment. On November 7, 2001, Petitioner petitioned for review in the California Supreme Court. On December 19, 2001, the California Supreme Court denied review. On January 3, 2002, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. On June 26, 2002, the California Supreme Court denied the petition. Petitioner filed the present petition on January 7, 2003. Petitioner sought leave to exhaust additional claims in the state courts. Petitioner filed an amended petition on December 29, 2005.

**DISCUSSION**

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person

1  detained is not entitled thereto." Id. § 2243.

2  B. <u>Legal Claims</u>

3  As grounds for federal habeas relief, petitioner asserts that: (1) His right to equal protection and his Sixth Amendment right to an impartial jury venire were denied when the panel called was not a fair cross section of the community; (2) his equal protection rights were violated by the prosecutor's exercise of peremptory challenges; and (3) his trial counsel was ineffective. These claims are sufficient to require a response.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's motion for reconsideration is denied. In the Northern District of California, no motion for reconsideration may be brought without leave of court and Petitioner failed to seek leave to file such a motion. *See* Civil L.R. 7-9(a). However, the Court has considered the motion as a second motion for counsel, as the earlier motion was denied without prejudice. As Petitioner's amended petition has been filed and appears to adequately represent the claims set forth therein, the motion is DENIED for the reasons set forth in the Court's earlier denial of counsel (docket no. 37). However, the Court will *sua sponte* reconsider the motion should circumstances change requiring the appointment of counsel.

2. The Clerk shall reopen this administratively closed case, file the amended petition and serve this order and the amended petition and all attachments thereto on Respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the court and serve on Petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

3

1 | trial record that have been transcribed previously and that are relevant to a determination of the
2 | issues presented by the petition.

3 |     4. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with
4 | the court and serving it on Respondent within thirty days of his receipt of the answer.

5 |     5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the court
6 | informed of any change of address and must comply with the court's orders in a timely fashion.
7 | Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
8 | Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.
9 | 1997) (Rule 41(b) applicable in habeas cases).

    IT IS SO ORDERED.

DATED: April 10, 2006

                             /s/ Jeffrey S. White
                             JEFFREY S. WHITE
                             United States District Judge

4